UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK WHITE,

    Plaintiff,

v.

    Civil No. 24-10506
    Hon. Denise Page Hood

MARVIN MOSLEY, et al.,

    Defendants.
_____/

## ORDER ACCEPTING REPORTS AND RECOMMENDATIONS (#s 26, 33)

This matter is before the Court on the Magistrate Judge's Reports and Recommendations dated January 14, 2025 and February 19, 2025. (ECF Nos. 26, 33)  Plaintiff filed Objections to the January 14, 2025 Report and Recommendation, by counsel and Plaintiff himself. (ECF Nos. 27, 31).  No Objections were filed to the February 19, 2025 Report and Recommendation and the time to file such has passed.  It is noted that the Magistrate Judge has stricken filings by Plaintiff himself since Plaintiff is represented by counsel. (ECF No. 34)

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C.§ 636.  This Court "shall make a *de novo* determination of those portions of the report or the specified proposed findings or recommendations to which an objection is made."  28 U.S.C. § 636(B)(1)(c).  The

Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate." *Id*.  To preserve the right to appeal the Magistrate Judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation.  Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Servs*., 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    The Magistrate Judge recommends dismissal of White's Eighth Amendment claim finding that although White's complaint identifies non-defendant MDOC officials as being aware that inmates with COPD had to stand in freezing rain to get their medication, he fails to identify any defendant named in this case as forcing him to stand in the rain.  The Magistrate Judge concluded that White's "threadbare, conclusory allegations that each defendant violated his Eighth Amendment rights by forcing him to stand in the freezing rain are not plausible." (ECF No. 26, PageID.304)

    The Magistrate Judge also recommends dismissal based on White's failure to exhaust available administrative remedies noting that White admits he did not complete the administrative remedies.  The Magistrate Judge found the affidavit in

2

response to the Defendants' motion should be rejected because the statements were general, conclusory and lacked any details or specificity. *Id.*, PageID.309.

White raised four objections to the January 14, 2025 Report and Recommendation, which was responded to by Defendants. In Objection 1, White claims the Magistrate Judge erred in concluding that he failed to state any claims in his complaint and that he did state claims upon which relief may be granted. ECF No. 27, PageID.314–316. The Court agrees with the Magistrate Judge that White's allegations are conclusory and general and that they lack specificity as to particular facts as to the actions taken by each individual Defendant as to how each Defendant violated his rights. Objection 1 is overruled.

In Objection 2, White asserts that the Magistrate Judge erred in recommending that summary judgment be granted as to the failure to exhaust administrative remedies defense because there are issues of fact regarding whether he exhausted his administrative remedies (*Id.*, PageID.316–317). The Court agrees with the Magistrate Judge that White admits he did not exhaust the available administrative remedies. The Court further agrees that White failed to present any evidence that the remedies were not available to him, even if his grievances were in fact thrown away. As Defendants noted, during the same time period at issue in this case, White filed multiple grievances and appeals thereto. See ECF No. 7-3,

3

PageID.99 & 105.  Objection 2 is overruled.

White asserts in Objection 3 that Defendants moved for summary judgment on the failure to exhaust issue before an Answer was filed and that the Magistrate Judge erred in not permitting discovery under Rule 56(d) on this issue.  *Id.*, PageID.317–324.  Rule 12(b) allows a defendant to file a dispositive motion in lieu of filing an answer.  42 U.S.C. § 1997e(g)(1) also allows a defendant to waive the right to file an Answer, along with Fed. R. Civ. P. Rule 8(b)(6).  Under the PLRA, the issue of administrative grievance exhaustion must be decided before a case may move forward.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  Defendants properly supported their summary judgment motion by attaching grievances White had filed during the same relevant period of time as in this case which supports Defendants' argument that the administrative grievance procedure was available to White, and that White was familiar with the procedure.  White did not submit any rebuttal evidence to create an issue of fact that the administrative grievance procedure was not available to White to pursue this current claim.  White's reason for not exhausting his available administrative grievance remedy is that his grievance was thrown away or otherwise destroyed.  White has not shown how discovery would produce any other documents to show that his grievance was destroyed if such was in fact destroyed.  White had the opportunity to save a copy

4

of such grievance since Step I grievances are on carbon-paper forms or to submit another grievance at some point if in fact such grievance was in fact destroyed by a particular defendant.  *See Richards v. Perttu*, Case No. 2:20-cv-0076, 2021 WL 4239967, at *5 (W.D. Mich. July 29, 2021), R&R adopted, 2021 WL 3508384 (W.D. Mich. Aug. 10, 2021).  White did not submit any documents to show that he in fact attempted to submit a grievance.  The Court agrees with the Magistrate Judge that White failed to exhaust his administrative remedies, as White admits, and has failed to submit any evidence that any such remedies were unavailable to White.  Objection 3 is overruled.

Objection 4 asserts that the Magistrate Judge erred in not permitting White an opportunity to amend his complaint.  *Id.*, PageID.325–326.  In his response to the Defendants' Motion to Dismiss or for Summary Judgment, White did not raise the issue of filing an amended complaint.  White cannot raise for the first time in an objection to a report and recommendation an argument not raised in his response to a motion.  *Uduko v. Cozzens*, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013) (Issues raised for the first time in objections to a report and recommendation are deemed waived.).  As noted above, the Magistrate Judge entered an order striking White's *pro se* motion to amend the complaint (filed after the Report and Recommendation was issued), since White is represented by counsel.  Objection 4

5

is overruled.

In White's *pro se* Objections filed to the January 14, 2025 Report and Recommendation he raises five Objections. The Court will not consider these Objections, since White is represented by counsel. Even if the Court were to consider such, the Court overrules the Objections. Objections 1, 2, 4 and 5 state that White filed an amended complaint (which was stricken by the Magistrate Judge) setting forth the timeline which White argues shows the Magistrate Judge erred in dismissing the complaint. White asserts that the amended complaint is evidence as to Defendants' actions which support his Eighth Amendment claim that White was standing in the rain while waiting for medication. White also asserts that the amended complaint also supports his claim that he was unable to exhaust administrative remedies because of certain deadlines and that his grievances were thrown away. The Court is unable to consider the Amended Complaint because such was stricken by the Magistrate Judge and is not before this Court. There was no appeal from the Magistrate Judge's Order striking the Amended Complaint, therefore, the original Complaint is still the governing complaint in this matter. Objections 1, 2, 4 and 5 are overruled.

Objection 3 asserts that the Magistrate Judge should have read White's prior complaints and documents filed in other cases which he argues support his current

6

claims. White has not submitted any authority that a court must review all prior complaints filed by a plaintiff to determine if the current complaint before a court is supported. The Sixth Circuit has held that in a particular case, a district court is not required to "search the entire record [let alone in other cases] to establish that it is bereft of a genuine issue of material fact" and that "judges are not like pigs, hunting for truffles" that might be buried in the record. *Emerson v. Novartis Pharms. Corp.*, 446 F. App'x 733, 736 (6th Cir. 2011). Objection 3 is overruled.

After review of the January 14, 2025 Report and Recommendation, the Court finds that the Magistrate Judge's conclusions are correct. The Court agrees with the Magistrate Judge that White's Complaint fails to state a claim upon which relief may be granted and that there are no factual allegations to support his claim that the individual Defendants violated White's Eighth Amendment by making him stand in the freezing rain while waiting for his medication. The Court also agrees with the Magistrate Judge that White failed to exhaust his available administrative remedies and that the entire case be dismissed. As set forth above, the Objections filed by White's counsel and as *pro se*, are overruled.

As to the February 19, 2025, the Court agrees with the Magistrate Judge that Defendant Serena Landfair's Motion for Summary Judgment and Defendant Sophia Bradley's Motion to Dismiss are moot because the entire case is dismissed.

7

Accordingly,

IT IS ORDERED that Magistrate Judge Elizabeth A. Stafford's Reports and Recommendations **(ECF Nos. 26 and 33)** are **ACCEPTED AND ADOPTED** as this Court's findings of fact and conclusions of law.  The Objections **(ECF Nos. 26, 31)** are **OVERRULED**.

IT IS FURTHER ORDERED that the Motion to Dismiss for failure to state a claim and/or for Summary Judgment on the Basis of Failure to Exhaust Administrative Remedies **(ECF No. 7)** is **GRANTED**.

IT IS FURTHER ORDERED that the Motion for Summary Judgment **(ECF No. 15)** and Motion to Dismiss **(ECF No. 17)** are **MOOT**.

IT IS FURTHER ORDERED that the Motion for Extension of Time **(ECF No. 28)** is **GRANTED**.

IT IS FURTHER ORDERED that this action is **DISMISSED.**

IT IS FURTHER ORDERED that an appeal from this order would be frivolous and would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

                                                    s/Denise Page Hood  
                                                    Denise Page Hood  
                                                    United States District Judge

Dated:  March 31, 2025